IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NAACP, ET AL., | : | No. 3:18-cv-01094-WWE |
|     *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| DENISE MERRILL, ET AL., | : | |
|     *Defendants*. | : | SEPTEMBER 6, 2018 |

**DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants hereby respectfully request that this Court issue an order staying all discovery in this matter until after the Court has resolved Defendants' pending motion to dismiss, which Defendants filed this same date. *See* Doc. Nos. 14 and 14-1. For the reasons set forth below, this Court must stay discovery because Defendants' motion to dismiss is based on the Eleventh Amendment, which not only deprives this Court of jurisdiction but also provides a complete immunity from suit, which includes an immunity from having to engage in pre-trial burdens like discovery. Further, even if the Court concludes that it has discretion on this issue, it nevertheless should stay discovery because Defendants' motion provides strong grounds for dismissal; the discovery that Plaintiffs are likely to seek will be broad and burdensome; and there is no prejudice to Plaintiffs by delaying discovery until after the motion to dismiss is resolved.

## BACKGROUND

In this case Plaintiffs ask this Court to interfere with the State's legislative redistricting process—which is one of the "most vital" and inherently political functions that states perform—and to declare Connecticut's legislative map unconstitutional. *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018). Plaintiffs' claim is based on a novel theory that the constitution categorically prohibits states from relying on facially neutral population numbers from the United States census to measure the population of their legislative districts, and that the constitution instead requires that states ***must*** modify the census numbers to count prisoners as residents of their "district of origin" instead of the district where they are incarcerated (which is where the census counts them). *See generally* Doc. No. 1.

Plaintiffs' theory flies in the face of decades of Supreme Court precedents, and was squarely rejected by the First Circuit in *Davidson v. City of Cranston*, 837 F.3d 135 (1st Cir. 2016). Defendants have therefore moved to dismiss the case on the ground that it is barred by the Eleventh Amendment. In particular, Defendants have argued that the only exception to the Eleventh Amendment that conceivably could apply—*Ex Parte Young*—is not satisfied because Plaintiffs have not alleged an ongoing violation of federal law. *See generally* Doc. No. 14-1.

Because the Eleventh Amendment both implicates the Court's jurisdiction and provides Defendants with a complete immunity from both liability ***and*** from suit—including an immunity from engaging in pre-trial practices like discovery—Defendants requested in the 26(f) Report that the Court stay discovery until after

the Court resolves the Eleventh Amendment issue.  Plaintiffs did not agree to that request, and instead indicated that they intend to seek broad and extremely burdensome discovery from Defendants, including but not limited to information and documents related to:

- Pre-incarceration addresses and racial demographics of people incarcerated in Connecticut, both currently ***and*** during the time when the current legislative map was being drawn more than seven years ago;

- Information regarding precinct boundaries to be used in the next redistricting cycle;

- Guidance provided to the Reapportionment Committee or Reapportionment Commission for 2011 redistricting;

- Current information on any incumbent representatives who are no longer running for office and any known information on candidates who intend to run for office in the corresponding districts;

- History, if any, of State Representatives and State Senators engaging in representational activities on behalf of incarcerated persons in their district, including but not limited to personal or staff visits or correspondence with incarcerated persons, provision of constituent services to incarcerated prisons, and other such activities (if any);

- History, if any, of State Representatives and State Senators engaging in representational activities on behalf of persons who resided in the elected official's district before incarceration, yet are or were incarcerated in a different district, including but not limited to personal or staff visits or correspondence with incarcerated persons, provision of constituent services to incarcerated prisons, and other such activities (if any).

*See* Parties' Rule 26(f) Report, Doc. No. 13 at 7.

Given the strength of Defendants' jurisdictional and immunity-based defense, and the breadth of discovery that Plaintiffs have indicated they will seek, this Court must (and should) stay discovery until after the Court resolves Defendants' pending motion to dismiss.  Doing so will not prejudice Plaintiffs in any way.

3

**ARGUMENT**

I. **THE COURT MUST STAY DISCOVERY BECAUSE DEFENDANTS HAVE RAISED A JURISDICTIONAL AND IMMUNITY-BASED DEFENSE THAT MUST BE RESOLVED BEFORE ANY FURTHER STEPS CAN BE TAKEN, INCLUDING DISCOVERY**

It is well established that courts have authority to stay discovery pending resolution of a motion to dismiss. And in the context here—in which the motion to dismiss is based on a jurisdictional and immunity-based defense like the Eleventh Amendment—courts ***must*** stay discovery until after those issues are resolved.

First, it is well established that the Eleventh Amendment provides both an immunity from liability ***and*** an immunity from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993). The latter immunity from suit entitles the State "not to have to answer for [its] conduct" at all. *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). That necessarily includes a protection from having to incur the cost and burden of engaging in "such pretrial matters as discovery . . . ." *Id.* at 526, citing *Harlow v. Fitzgerald,* 457 U.S. 800, 817 (1982). Indeed, "[t]he very object and purpose of the 11th Amendment [is] to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct*, 506 U.S. at 146; *see also Siegert v. Gilley,* 500 U.S. 226, 232 (1991) (noting that the purpose of immunity "is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit").

Because the State's immunity from suit discussed above would be forever lost if the State could be required to engage in discovery, defendants asserting such a defense are "entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings." *Molina v. Christensen*, No. CIV.A.00-2585-CM, 2002 WL 69723 at *1 (D. Kan. Jan. 4, 2002), citing *Siegert*, 500 U.S. at 232-33. The Supreme Court and other courts across the country have therefore repeatedly held that, when presented with an immunity-based defense like the Eleventh Amendment, courts must stay discovery until after that immunity defense has been conclusively resolved. *See, e.g., Siegert,* 500 U.S. at 232-33; *Mitchell,* 472 U.S. at 525-26; *Harlow v. Fitzgerald,* 457 U.S. at 818; *NRP Holdings, LLC v. City of Buffalo*, No. 11-CV-472S(F), 2016 WL 6694247 at *1 (W.D.N.Y. Nov. 15, 2016); *Molina*, 2002 WL 69723 at *1.

Second, courts have also held that the Eleventh Amendment implicates the Court's jurisdiction. *See, e.g., Doe v. Connecticut*, No. 3:10CV1981 VLB, 2011 WL 5170292 at *2 (D. Conn. Oct. 31, 2011). Once such jurisdictional questions have been raised, they too must be conclusively resolved before any further steps can be taken, because "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

For all of these reasons, the Court must stay discovery until after it conclusively resolves Defendants' pending motion to dismiss.

## II. DEFENDANTS ALSO HAVE SHOWN GOOD CAUSE FOR A STAY OF DISCOVERY

Even if the Court concludes that it is not required to stay discovery, it nevertheless should exercise its discretion to do so because Defendants' have shown good cause for a stay.

In addition to the stay requirements in immunity-based cases discussed above, Rule 26(c) also affords the Court discretion to "stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" *Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, No. CV 05-4294 DRH ETB, 2006 WL 897996 at *1 (E.D.N.Y. Mar. 31, 2006), quoting *In re Currency Conversion Fee Antitrust Litigation,* No. MDL 1409, M21–95, 2002 WL 88278 at *1 (S.D.N.Y. Jan.22, 2002). The Court has "considerable discretion" to stay discovery under that rule. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076 at *1 (S.D.N.Y. Sept. 1, 2009). In deciding whether to exercise that discretion, the Court must consider three factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* Each of these factors weighs in favor staying discovery in this case.

First, as set forth more fully in Defendants' pending motion to dismiss, which Defendants hereby incorporate by reference, Plaintiffs' claim: (1) flies in the face of decades of Supreme Court precedents that have approved legislative maps drawn on the same basis as Connecticut's; (2) was squarely rejected by the First Circuit in its recent decision in *Davidson v. City of Cranston*, 837 F.3d 135 (1st Cir. 2016); and

6

(3) if successful, would unjustifiably upset the "well-functioning," "uniform" and "settled practice" that "all 50 States and countless local jurisdictions have followed for decades, even centuries." *Evenwel*, 136 S. Ct. at 1123, 1132.  Defendants have thus demonstrated strong grounds for dismissal, and that factor in the stay analysis is therefore satisfied.

Second, the breadth of discovery that Plaintiffs seek, and the burden on Defendants to respond to it, will be significant.  Indeed, Plaintiffs have made clear that they intend to seek substantial amounts of information and documents, much of which dates back seven years or longer.  That includes, but is not limited to, the addresses and racial demographics of all inmates in Connecticut from both now and seven years ago when the current legislative map was drawn, and an unlimited history of the manner in which individual State Senators and Representatives have acted toward incarcerated individuals in their districts.  *See* Doc. No. 13 at 7. Moreover, it appears that much of the information that Plaintiffs will seek is privileged, and will require substantial collateral litigation over whether and to what extent Plaintiffs are entitled to the information at all.  *See, e.g.,* Doc. No. 13 at 7 (seeking discovery about "precinct boundaries to be used in the next redistricting cycle" and "[g]uidance provided to the Reapportionment Committee or Reapportionment Commission for 2011 redistricting").  Permitting discovery to proceed under such circumstances will be both costly and time consuming, and will substantially burden both Defendants and the Court.

Third, Plaintiffs will not suffer *any* prejudice if a stay is issued. Indeed, by Plaintiffs' own admission the mass incarceration and prison construction projects that are the primary basis for their claims occurred during the 1980s and 1990s, and the legislative map that they challenge was adopted in 2011. *See* Compl., ¶¶ 34, 41, 44, 46, 63. Despite the fact that those events have long since occurred, Plaintiffs waited until 2018—***fully seven years*** after the latest conduct that they complain of—to belatedly bring this constitutional challenge. If Plaintiffs were not prejudiced by that lengthy delay, they clearly will not be prejudiced by waiting an additional short period of time for the Court to resolve the motion to dismiss.

## CONCLUSION

For all of these reasons, Defendants request that the Court stay all discovery until after it has resolved Defendants' pending motion to dismiss.

Respectfully submitted,

DEFENDANTS DENISE MERRIL
AND DANNEL P. MALLOY

GEORGE JEPSEN
ATTORNEY GENERAL

BY: */s/ Michael K. Skold*
Michael K. Skold (ct28407)
Maura Murphy Osborne (ct19987)
Assistant Attorneys General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Michael.Skold@ct.gov
Maura.MurphyOsborne@ct.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2018, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael K. Skold*
Michael K. Skold
Assistant Attorney General