UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATIONAL ASSOCIATION FOR
THE ADVANCEMENT OF COLORED
PEOPLE ("NAACP"), NAACP
CONNECTICUT STATE CONFERENCE,
JUSTIN FARMER, GERMANO KIMBRO,
CONLEY MONK, GARRY MONK,
DIONE ZACKERY,
  Plaintiffs,

    v.                        3:18cv1094 (WWE)
DENISE MERRILL, Secretary
of State, et al.,
  Defendants

## RULING ON MOTION TO STAY

In this action, plaintiffs NAACP, NAACP Connecticut State Conference, Justin Farmer, Germano Kimbro, Conley Monk, Garry Monk and Dione Zackery bring a constitutional challenge to the legislative Redistricting Plan that Connecticut adopted in 2011; plaintiffs assert this action against the Connecticut Secretary of State and Governor. Plaintiffs seek a declaration that that the Redistricting Plan violates the Fourteenth Amendment to the United States Constitution and seek an injunction against its use in the 2020 elections. Specifically, plaintiffs allege that the legislative Redistricting Plan's "unlawful prison gerrymandering" violates the principle

1

of "one person, one vote" encompassed by the Fourteenth Amendment.

This Court denied a defense motion to dismiss for lack of jurisdiction and failure to state a claim.  Defendants had argued that the action was barred by the Eleventh Amendment due to a failure to allege an on-going violation of federal law.  However, this Court held that the complaint stated a plausible on-going violation of the Equal Protection clause.  The Court noted:  "The instant case implicates the plausible compromise of fair and effective representation due to the Redistricting Plan's reliance upon total population census data when, by state law, incarcerated individuals are not even considered residents of their prison location."  The Court concluded that review of the merits of the action was appropriate for summary judgment.

Defendants have filed an interlocutory appeal of this ruling pursuant to the collateral order doctrine.  They have requested that the Court stay the action pursuant to the dual jurisdiction rule providing that an interlocutory appeal on immunity grounds "divests the district court of jurisdiction to proceed….unless the district court certifies that the appeal is frivolous."  <u>City of New York v. Beretta U.S.A. Corp.</u>, 234 F.R.D. 4651 (E.D.N.Y. 2006).  Plaintiffs assert that a stay is inappropriate on legal

grounds, and that it is prejudicial in light of the fact that the asserted equal protection violation concerns the 2020 state legislative election. Defendants' appeal may not be resolved quickly, which could hinder plaintiffs' ability to litigate this claim.   Plaintiffs seek to proceed with discovery.   The Court agrees that a stay should be not granted in this case.

Plaintiffs assert an equal protection challenge to the defendants' redistricting plan, which presents a plausible constitutional challenge. Baker v. Carr, 369 U.S. 186, 237 (1962) (allegations of denial of equal protection present justiciable cause of action).   Additionally, the Eleventh Amendment does not bar federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law."   Green v. Mansour, 474 U.S. 64, 68 (1985); Ex Parte Young, 209 U.S. 123, 160 (1908).   The inquiry into whether jurisdiction exists under the exception articulated by Ex Parte Young and its progeny "does not include an analysis of the merits of the claim."   Verizon Maryland, Inc. v. Pub. Ser. Comm'n of Maryland, 535 U.S. 635, 645-46 (2002).

Here, defendants' assert that its redistricting practice is authorized on basis of Evenwel v. Abbott, 136 S. Ct. 1120 (2016), which held that a

redistricting map "presumptively complies with the one-person, one- vote rule" if the "maximum population deviation between the largest and the small district is less than 10%" when measured by a facially neutral population baseline.   However, defendants' assertion that plaintiffs cannot establish an on-going constitutional violation under this standard requires a decision on the merits.   Accordingly, for purposes of considering whether a stay should issue under the dual jurisdiction rule, the Court finds that defendants' appeal on the basis of the Eleventh Amendment is frivolous because plaintiffs have alleged a plausible claim of an on-going equal protection violation seeking prospective relief.   Additionally, the Court finds that denial of the stay is appropriate due to consideration of the importance of timely completion of discovery in this case, the likelihood of delay due to the appeal, and importance of the equal protection issues raised by this appeal.   See Niken v. Holder, 556 U.S. 418, 434 (2009).   The Court will refer this case to Magistrate Judge Spector for a discovery and scheduling conference.   The motion to stay is DENIED.

    Dated this 8th day of May 2019 at Bridgeport, Connecticut.

                                           /s/Warren W. Eginton
                                           Warren W. Eginton
                                           Senior U.S. District Judge