IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NAACP, ET AL., | : | No. 3:18-cv-1094-JBA-PWH-JMW |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| DENISE MERRILL, ET AL., | : | |
| *Defendants*. | : | JANUARY 6, 2020 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants hereby submit their answer and defenses to Plaintiffs' Amended Complaint, filed on October 15, 2019.

**Introduction:**

1. This paragraph contains legal statements to which no answer is required.

2. Defendants admit that "prison gerrymandering" is the term that Plaintiffs use to label the practice described in this paragraph, but deny that the term is appropriate.

3. Defendants admit that the percentage of incarcerated individuals in Connecticut who are African American and Latino is greater than the percentage of African American and Latino individuals in Connecticut's overall population, but lack sufficient information to admit or deny the remaining allegations in the first sentence of this paragraph, and therefore leave Plaintiffs to their proof on those allegations. Defendants admit that some, but not all, of Connecticut's prisons are located in rural, lightly populated and primarily white areas, but lack sufficient information to admit or deny the remaining allegations in the second sentence of this paragraph, and therefore leave Plaintiffs to their proof.

4. Defendants deny the allegations in the first sentence of this paragraph. Defendants admit that prisoners are separated from their families and friends while incarcerated and that some prisoners have little contact with citizens residing immediately outside the walls of

the prisons, but deny that all prisoners have little contact with citizens residing immediately outside the walls of the prisons.

5. Defendants admit that many incarcerated individuals in Connecticut cannot vote under state law, but lack sufficient information to admit or deny whether "most" incarcerated people in Connecticut cannot vote. Defendants lack sufficient information to admit or deny whether most incarcerated people in Connecticut have no contact with the representatives of the districts in which they are incarcerated, and therefore leave Plaintiffs to their proof on that allegation. Defendants deny the remaining allegations in this paragraph.

6. Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph, and therefore leave Plaintiffs to their proof. Defendants deny the allegations in the second sentence of this paragraph. Defendants admit that families bear emotional hardships when their family members are incarcerated. Defendants lack sufficient information to admit or deny whether and to what extent families bear financial hardships and experience economic and social instability when their family members are incarcerated, and therefore leave Plaintiffs to their proof on those allegations. Defendants deny that entire communities lose their voice in State affairs when fathers, sons, daughters, and mothers are shipped to remote, rural prisons.

7. This paragraph contains legal statements to which no answer is required.

8. This paragraph contains legal statements to which no answer is required.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendants admit that Plaintiffs seek the relief described in this paragraph, but deny that Plaintiffs are entitled to such relief.

**Jurisdiction and Venue:**

14. Denied.

15. Admitted.

16. Defendants admit that this Court generally has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, but deny that such relief is appropriate in this case.

**Parties:**

17. Defendants deny that the NAACP has, or that it will continue to have, members in Connecticut who reside in State legislative districts that are underrepresented as a result of the practice that Plaintiffs improperly label as prison gerrymandering. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, including the allegation that any redistricting plan adopted in 2021 will use the same practice, and therefore leave Plaintiffs to their proof on those allegations.

18. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

19. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

20. Defendants deny that the practice that Connecticut has used to count prisoners for redistricting purposes is unlawful or that it properly can be characterized as "prison

gerrymandering." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof.

21. Defendants admit that the NAACP brings this action in its representative and organizational capacity. The remaining allegations and characterizations in this paragraph are denied.

22. Defendants deny that the NAACP-CT has, or that it will continue to have, members in Connecticut who reside in State legislative districts that are underrepresented as a result of the practice that Plaintiffs improperly label as prison gerrymandering. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, including the allegation that any redistricting plan adopted in 2021 will use the same practice, and therefore leave Plaintiffs to their proof on those allegations.

23. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

24. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

25. Defendants deny that the practice that Connecticut has used to count prisoners for redistricting purposes is unlawful or that it properly can be characterized as "prison gerrymandering." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof.

26. Defendants admit that the NAACP-CT brings this action in its representative and organizational capacity. Defendants deny that NAACP-CT has members who are adversely affected by the unequal population of the legislative districts created by so-

called prison gerrymandering. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof.

27. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

28. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

29. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

30. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

31. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

32. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

33. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

34. Admitted.

35. Defendants admit the allegations in the first two sentences of this paragraph. Defendants admit that the Governor may, in some circumstances, be charged with appointing Reapportionment Commissions for the purposes of adopting State house and senatorial districting plans. The Governor's duties in that regard are governed by Article Third, § 6 of the Connecticut Constitution.

**Factual Allegations:**

36. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

37. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

38. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

39. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

40. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

41. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

42. Defendants lack sufficient information to admit or deny whether incarcerated individuals in Connecticut are concentrated at facilities that are significant distances from their home communities, and therefore leave Plaintiffs to their proof on that allegation. The remaining allegations and characterizations in the paragraph are denied.

43. Denied.

44. Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph, and therefore leave Plaintiffs to their proof. Defendants admit that the State engaged in some prison construction and expansion projects after 1980, and that those projects coincided with an increase in the prison population.

45. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

46. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

47. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

48. Denied.

49. Defendants admit that the overall prison population has declined in recent years. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof.

50. Defendants admit that areas in which some, but not all, prisons are located have a greater percentage of white residents than the State as a whole. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

51. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

52. Defendants admit that the urban centers of Hartford, New Haven, and Bridgeport are home to a higher proportion of African American and Latino residents than the State as a whole, but lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof.

53. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

54. Defendants deny the allegations in the second sentence of this paragraph. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof.

55. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

56. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

72. Defendants admit that no Connecticut state law requires counting incarcerated individuals where they are incarcerated, and that the decision to do so for the 2011 redistricting plan

was a choice made by the Reapportionment Commission. Defendants deny that the choice was arbitrary and deny that it produced discriminatory results. Defendants admit that the Reapportionment Committee received public testimony about the practice of counting incarcerated people where they are incarcerated, and that the meeting minutes of the Commission and the Committee listed on their website do not specifically discuss the Commission's choice to adopt that practice in the 2011 redistricting plan.

73. Defendants admit that the Connecticut Legislature has considered legislation mandating that incarcerated people be counted at their pre-incarceration addresses for reapportionment purposes, that in the context of those legislative proposals some individuals submitted testimony describing their views about the alleged problems associated with counting prisoners in the district where they are incarcerated (including alleged disproportionate racial impacts), and that lawmakers did not enact said proposed legislation, leaving the 2011 redistricting plan in place.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

78. Defendants admit that data locating incarcerated individuals at their exact pre-incarceration addresses is not publicly available. The remaining allegations in this paragraph are denied.

79. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

80. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

81. The allegations in the first two sentences of this paragraph are denied. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

82. The allegations in the first two sentences of this paragraph are denied. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

83. Denied.

84. Denied.

85. Defendants deny that Plaintiffs or their members reside in malapportioned districts. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

86. Defendants deny that there are any "gerrymandered districts" under the 2011 redistricting plan. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

87. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

88. Denied.

89. Admitted.

90. Admitted.

91. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

92. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

93. Denied.

94. Defendants deny that the actual number of constituents in District 59 was 15.84% smaller than the number of constituents in District 97, and also deny that District 52 contained 14.79% fewer constituents than District 97. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

95. Defendants deny that there are any "gerrymandered House districts" under the 2011 redistricting plan. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

96. Denied.

97. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

98. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

99. Denied.

100. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

101. Denied.

102. Defendants deny that there are any malapportioned House districts under the 2011 redistricting plan, and therefore also deny that the Reapportionment Committee or

11

Reapportionment Commission had any reason to adjust district boundaries in order to safeguard the principle of "one person, one vote." If such adjustments were necessary, however, Defendants lack sufficient information to admit or deny whether such adjustments were possible or could be achieved through minor alterations to approximately 30 additional contiguous districts without introducing incumbent conflicts, and therefore leave Plaintiffs to their proof on those allegations.

103. Defendants deny that any legislative districts under the 2011 redistricting plan have been "prison gerrymandered," and also deny that the 2011redistricting plan violates "one person, one vote." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

104. Defendants admit that Connecticut will undertake another redistricting process after the 2020 Census. Defendants lack sufficient information to admit or deny whether that process will be similar to the redistricting process that occurred in 2011, and therefore leave Plaintiffs to their proof on that allegation.

105. Admitted.

106. Defendants admit the allegations in this paragraph with the exception of the allegation that Governor Lamont might appoint a Reapportionment Committee. Under the Connecticut Constitution, Governor Lamont would appoint a Reapportionment Commission, not a Reapportionment Committee.

107. Defendants admit that for decades the State Legislature has counted incarcerated persons where they are incarcerated, rather than where they resided pre-incarceration.

        Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore leave Plaintiffs to their proof on those allegations.

108. Defendants admit that Defendant Merrill has made comments critical of the practice of counting prisoners where they are incarcerated. Defendants lack sufficient information to admit or deny whether Defendant Merrill made the exact statement quoted in this paragraph, and therefore leave Plaintiffs to their proof on that allegation.

109. Defendants admit that the 2011 redistricting plan follows the practice of counting prisoners where they are incarcerated. Defendants lack sufficient information to admit or deny whether "the State of Connecticut" has disavowed such a practice going forward, as the "State of Connecticut" is an entity that can act only through particular officers and officials, none of whom are identified in this allegation. Defendants admit that the Office of the Attorney General has defended the legal right of the State, acting through the relevant redistricting authorities, to count prisoners where they are incarcerated under the circumstances of this case. Any other characterization by Plaintiffs of the legal positions taken by the Office of the Attorney General on behalf of Defendants constitutes a legal statement to which no answer is required.

110. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

111. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore leave Plaintiffs to their proof.

112. Denied.

113. Denied.

114. This paragraph contains legal statements to which no answer is required.

**First Cause of Action:**

115. Defendants incorporate by reference all of their answers to the preceding paragraphs as if fully set forth herein.

116. Admitted.

117. This paragraph contains legal statements to which no answer is required.

118. Denied.

119. Denied.

120. Denied.

121. Defendants deny that they have any role in determining how to count prisoners in the 2021 state legislative redistricting. Defendants further deny that the practice of counting prisoners where they are incarcerated is contrary to state law. Defendants lack sufficient information to admit or deny whether the relevant redistricting authorities will continue to count prisoners where they are incarcerated in the upcoming 2021 redistricting process, and therefore leave Plaintiffs to their proof on that aspect of their allegation.

122. Denied.

**Prayer for Relief:**

1. Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

2. Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

3. Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

4. Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

5. Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

6. Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

7. Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim is nonjusticiable to the extent that it is based on Plaintiffs' assertion that prisoners do not receive fair, effective or equitable representation from legislators in the district where prisoners are incarcerated.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek injunctive relief that would in any way enjoin the use of the 2011 redistricting plan in the upcoming 2020 elections, such relief is barred by laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to challenge the constitutionality of any redistricting plan adopted after the 2020 Census, and any claim challenging such a plan is not ripe.

Respectfully submitted,

DEFENDANTS DENISE MERRIL
AND EDWARD LAMONT

WILLIAM TONG
ATTORNEY GENERAL

BY: */s/ Michael K. Skold*
Michael K. Skold (ct28407)
Maura Murphy Osborne (ct19987)
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Michael.Skold@ct.gov
Maura.MurphyOsborne@ct.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2020, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael K. Skold*
Michael K. Skold
Assistant Attorney General